**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD ANTHONY
ARCHULETA,

Defendant-Appellant.

No. 00-2479

(D. New Mexico)

(D.C. No. 99-CR-786)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BACKGROUND

The United States charged Richard Anthony Archuleta with eight offenses arising from Mr. Archuleta's participation in a drug conspiracy. The jury convicted Mr. Archuleta of all eight counts: 1) conspiracy to, among other things, possess, with intent to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846, and 856; 2) possession of one hundred kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); 3) possession of a detectable amount of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); 4) opening and maintaining a purported business for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856; 5) possession of two particular firearms after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); 6) possession of a firearm on which the serial number had been obliterated, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); 7) possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and 8) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(i). Mr. Archuleta now appeals only his conviction on the last count, possession of a firearm in furtherance of a drug-trafficking crime.

Mr. Archuleta contends that the government introduced insufficient evidence to sustain his conviction for violation of § 924(c)(1)(A). Section 924(c)(1)(A) bars: "possess[ion of] a firearm" "in furtherance of any [drug trafficking crime]." Mr. Archuleta, for purposes of this appeal, contests neither that he possessed a firearm nor that he contemporaneously committed a drug-trafficking crime. Rather, Mr. Archuleta insists simply that the government produced insufficient evidence to sustain a jury finding that he possessed the given firearm "in furtherance of" the given drug trafficking offense.

The government did adduce evidence that at least four individuals, including Mr. Archuleta, conspired to distribute narcotics from a purported automobile repair shop. Mr. Archuleta both worked and lived in the ostensible auto repair shop. The government produced evidence that the property contained no working phone, no tax forms, no records of any sort, no claim forms, no invoices reflecting purchases of supplies required in automobile repair, no invoices for cars or car parts, and no computers. Rather, the 'auto repair shop' contained nearly seventy kilograms of marijuana inside the trunk of a car parked in the shop; a hydraulic press capable of use in pressing marijuana into bricks; a large stand containing cellophane wrap; and quantities of marijuana, cocaine, and methamphetamine in the shop's office. Additionally, the office of the 'auto repair shop' contained the semi-automatic gun charged in this count (in addition to the

-3-

machine gun charged in a separate count). The government introduced evidence that, in working and living at the purported auto repair shop, Mr. Archuleta provided security for that shop. Finally, the government produced evidence that drug traffickers often utilize firearms in furtherance of drug trafficking offenses; specifically, drug traffickers often use firearms to protect their contraband from the interference of other traffickers or law enforcement personnel.

## DISCUSSION

We review insufficiency of the evidence claims *de novo*. See United States v. Magleby, 241 F.3d 1306, 1311 (10th Cir. 2001). We do so, however, while viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the appellee – here the government. See United States v. Jenkins, 175 F.3d 1208, 1215 (10th Cir. 1999). Evidence is sufficient to support a verdict when, viewed in this light, the evidence, and reasonable inferences to be drawn from that evidence, would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt. See Magleby, 241 F.3d at 1311-12.

We have recently addressed the "in furtherance of" element of § 924(c)(1)(A). See United States v. Iiland, 254 F.3d 1264, 1270-74 (2001) (reversing a conviction for violation of § 924(c)(1)(A) upon finding insufficient

evidence to sustain the "in furtherance of" element of that charge). [1] In Iiland, we recognized that § 924(c)(1)(A) demands at least some evidence beyond that necessary to support a conviction for firearm possession contemporaneous with the commission of a drug trafficking offense: the government must adduce some evidence suggesting that, in this particular case, the defendant's firearm possession somehow operated 'in furtherance of' the given drug trafficking offense. We held that "[§ 924(c)(1)(A)] require[s] that specific evidence establish [that] the gun[ was] possessed 'in furtherance of' the drug crime. . . . The fact that drug dealers in general often carry guns for protection is insufficient to show possession in furtherance of drug activity in this case." Iiland, 254 F.3d at 1274. Iiland thus establishes some constraints on the inferences a jury may draw from a drug trafficker's possession of a firearm.

Here the government produced sufficient evidence by which a jury could have properly concluded that not only did Mr. Archuleta possess a firearm while committing a drug trafficking crime, Mr. Archuleta actually possessed that firearm "in furtherance of" the given drug trafficking offense. The government introduced 'expert' evidence that drug traffickers often utilize firearms 'in furtherance of' their drug trafficking offenses; particularly, those drug traffickers often employ firearms for security purposes. Under Iiland, this testimony alone

---

[1]The government, unfortunately, does not discuss Iiland.

would almost surely fail to provide a legally sufficient basis from which a reasonable juror could infer 'furtherance.'

Here, however, the government provided additional evidence. First, the government demonstrated that Mr. Archuleta conducted his drug trafficking offense from the same building in which he possessed the given firearm. Cf. Iiland , 254 F.3d at 1274 (relying on that fact that "[t]here was no evidence that the guns and drugs were ever kept in the same place or that [the defendant] ever kept the gun accessible when conducting drug transactions"). Second and most crucially, the government introduced testimony that Mr. Archuleta's role was "to keep an eye on the – property so that no one would break in, kind of like a guard, security. Security." Rec. Vol. IV, at 288-89 (testimony of Daisy Delaney). We conclude that, on these facts, the government's introduction of evidence that Mr. Archuleta himself possessed the given firearm for the specific purpose of providing security during his completion of a drug trafficking crime provides an adequate factual basis from which the jury could have reasonably and properly concluded that Mr. Archuleta possessed the given firearm "in furtherance of" his drug trafficking crime.

For the foregoing reasons, we AFFIRM Mr. Archuleta's conviction for violation of § 922(c)(1)(A).

Entered for the Court,


Robert H. Henry
Circuit Judge